Certiorari granted by Supreme Court, June 21, 2021
Vacated and remanded by Supreme Court, June 21, 2021

**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 19–4348**

───────────

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

TIMOTHY ZACHARY GREEN,

        Defendant – Appellant.

───────────

Appeal from the United States District Court for the District of Maryland, at Greenbelt. George Jarrod Hazel, District Judge.  (8:17–cr–00590–GJH–1)

───────────

Submitted:  May 8, 2020                                Decided:  August 28, 2020

───────────

Before GREGORY, Chief Judge, WYNN, and HARRIS, Circuit Judges.

───────────

Vacated and remanded with instructions by published opinion.  Chief Judge Gregory wrote the opinion, in which Judge Wynn and Judge Harris joined.

───────────

James Wyda, Federal Public Defender, Baltimore, Maryland, Cullen Macbeth, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant.  Robert K. Hur, United States Attorney, Gregory Bernstein, Assistant United States Attorney, Jessica Collins, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

───────────

GREGORY, Chief Judge:

Timothy Green was indicted, tried, and convicted of a single count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  The district court sentenced Green to 84 months in prison and three years of supervised release.  Green's indictment alleged, and the jury was instructed it must find, that Green knew he possessed the firearm.  But neither the grand jury nor the petit jury considered whether Green "knew he belonged to the relevant category of persons barred from possessing a firearm."  *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019).  Recently, in *United States v. Medley*, ---F.3d--- (4th Cir. 2020), we held that the failure of an indictment to provide proper notice combined with an improper jury instruction that omits an element of a crime are substantial errors that ought to be corrected under plain error review.  For similar reasons, we vacate Green's conviction and remand this case to the district court for further proceedings.*

I.

On June 29, 2017, a law enforcement team executed an arrest warrant and apprehended Green at a property in Camp Springs, Maryland.  Green was wanted for a home invasion incident that occurred at a family member's residence a few days earlier.  The officers testified that when they arrived on the scene, Green was sitting with the property's owner under an open-air gazebo in the yard.  As the officers announced

---

* Because Green's *Rehaif* claims sufficiently resolves this case, we do not consider his claims that the district court erred in denying his motion to suppress and by enhancing his sentence based on unreliable, and unrelated, allegations.

2

themselves and moved to make the arrest, Green removed a firearm from his pocket, placed it on the shelf of one of the gazebo's pillars, and backtracked away from the gazebo. The officers cornered Green and he was taken into custody.

On November 6, 2017, a grand jury returned a one-count indictment charging Green with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The indictment read as follows:

> On or about June 29, 2017, in the District of Maryland, the defendant, Timothy Zachary Green, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm in and affecting commerce, specifically, a loaded Taurus Millennium PT111 G2, 9 millimeter semiautomatic handgun.

J.A. 13.

Prior to trial, Green moved to suppress the firearm, arguing that he had a reasonable expectation of privacy on the property and the officers lacked a sufficient basis to search the gazebo, which was part of the property. After conducting an evidentiary hearing, the district court rejected Green's Fourth Amendment challenge, denied the motion to suppress, and permitted the case to proceed to trial.

After a three-day jury trial, the district court instructed the petit jury on what it had to find in order to convict Green of the single § 922(g) offense. The court read the indictment to the jury and clarified the three elements that the Government was required to prove beyond a reasonable doubt.

> First, that the defendant was convicted, in any court, of a crime punishable by imprisonment for a term exceeding one year . . .;
>
> Second, that the defendant knowingly possessed the firearm as charged;

3

And third, that the possession charged was in or affecting interstate or foreign commerce.

J.A. 753. When discussing the knowledge element, the district court instructed the jury that it must "find that the defendant knowingly possessed the firearm." J.A. 755. "However," the court continued, "the government is not required to prove that the defendant knew that he was breaking the law, nor is the government required to prove that he knew that he had been previously convicted of a crime punishable by imprisonment for more than one year." J.A. 755-56.

The jury returned a guilty verdict. And the district court sentenced Green to 84 months in prison and three years of supervised release. Green timely appealed.

## II.

### A.

On appeal, Green argues that the Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), renders his indictment and conviction invalid. In *Rehaif*, the Supreme Court held that to convict a defendant of violating 18 U.S.C. § 922(g), the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." 139 S. Ct. at 2194. Here, Green argues that neither the indictment nor the jury instructions included a crucial element of the offense—that he knew his relevant status when he possessed the firearm. Thus, by permitting him to be tried on an indictment, and convicted based on jury instructions, that

4

omitted the prohibited status element, Green argues, his constitutional rights were inexcusably violated.

Where, as here, a party raises an issue that was not raised in the district court, we review for plain error. *See United States v. Olano*, 507 U.S. 725, 731 (1993). Under this standard, Green "must show (1) an error, (2) that is plain, and (3) that affected his substantial rights." *United States v. Dennison*, 925 F.3d 185, 190 (4th Cir. 2019). If these conditions are met, we "should exercise [our] discretion to correct the forfeited error if the error 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1901, 201 L. Ed. 2d 376 (2018) (internal citation omitted). When reviewing for plain error, "an appellate court must apply the law in effect at the time it renders its decision." *Henderson v. United States*, 568 U.S. 266, 271 (2013) (internal citation omitted).

### B.

Both parties agree that in light of the Supreme Court's intervening decision in *Rehaif*, the first two elements of the plain error standard are satisfied. It was plain error for Green to be tried on an indictment, and convicted based on jury instructions, that omitted the prohibited status element. However, the parties dispute whether these errors affected Green's substantial rights and the integrity of the judicial proceedings. Accordingly, we focus on the third and fourth prongs of plain error review.

The Government argues that Green cannot show that the errors in the indictment and jury instructions affect his substantial rights or the fairness of the judicial proceedings. In the Government's view, the prohibited status element is one that the Government could

5

have easily proven to the grand jury and the petit jury. Pointing to the Presentence Report, the Government proclaims that Green had been convicted of several felonies, which led to him serving nearly a decade in prison for these combined crimes. Moreover, the Government continues, Green's stipulation at trial barred the Government from introducing additional evidence related to Green's prior convictions. "Had the Supreme Court decided *Rehaif* prior to Green's trial," the Government predicts, "Green would have either stipulated that he was aware of his prior felony conviction or the government would have introduced" overwhelming evidence that Green knew his prohibited status. Gov. Br. at 43. Thus, the omission of the prohibited status element did not prejudice Green or change the result before the grand jury or at trial.

We recently rejected the same argument the Government raises in its brief. *Medley*, ---F.3d at ---. In *Medley*, the government argued that we should excuse the mistakes in the indictment and jury instructions when the record demonstrates that it did not affect the outcome of the proceedings. [*Id.* at ---.][10; 19]. We held that the petitioner showed that the flawed indictment prejudiced him because it failed to provide sufficient notice of the accusations against him. [*Id.* at ---.][17–18]. We also held that the district court's failure to instruct the jury on the prohibited status element, and the government's failure to present sufficient evidence on this point at trial, prejudiced the petitioner. [*Id.* at ---.][22–27]. Because these combined errors were sufficient to undermine the confidence in the outcomes of the proceedings, we exercised our discretion to correct the errors.

Applying the same reasoning, we conclude that the errors here also warrant correction. Green's indictment failed to provide him with notice that the Government

would attempt to prove that he knew his prohibited status.  Afterwards, Green's conviction was predicated on an indictment that failed to allege an essential element of an offense and a verdict by a jury that was informed the Government was not required to prove that Green knew his prohibited status.  At trial, there was little—if any—evidence presented that would support that Green knew his prohibited status.  Thus, the errors here "occurred at the inception of the Government's case against [Green] and continued throughout." [*Id.* at ---.][28].  Under these circumstances, we conclude the errors warrant correction under plain error review.

### III.

We therefore vacate Green's § 922(g)(1) conviction and remand with instructions to the district court to enter judgment dismissing this count without prejudice.

*VACATED AND REMANDED*
*WITH INSTRUCTIONS*